UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON MORGAN, | ) | CASE NO.  1:11-cr-12-17 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is petitioner Jason Morgan's *pro se* motion to appoint the Office of the Federal Public Defender to represent him for the purpose of filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 740 [sealed].) In his motion, petitioner states that an employee of the Federal Public Defender's office encouraged him to file the present motion, but that this same individual asked that his or her identity not be disclosed. On September 3, 2014, the Court placed petitioner's motion under seal.

The Sixth Amendment right to counsel does not apply to § 2255 proceedings. *See Wright v. West*, 505 U.S. 277, 293, 112 S. Ct. 2482, 120 L. Ed. 2d 225 (1992) (citing, among authorities, *Pennsylvania v. Finley*, 481 U.S. 551, 554, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987)). In limited contexts, indigent defendants have a statutory right to counsel. For example, an indigent seeking to vacate or set aside a death sentence has a statutory right to appointed counsel, as well as expert and investigative services. *See*

18 U.S.C. § 3599(a)(2). Moreover, in both capital and non-capital cases, the court must appoint counsel for an indigent defendant when an evidentiary hearing is required, *see* Rule 8(c), *Rules Governing Section 2255 Proceedings*, or when necessary for the defendant's effective utilization of discovery. *See* Rule 6(a). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2255(g) ("Appointment of counsel under [§2255] shall be governed by section 3006A of title 18").

The Criminal Justice Act authorizes the appointment of counsel to a petitioner who brings a habeas petition under Sections 2241, 2254, or 2255 of Title 28. 18 U.S.C. § 3006A(a)(2)(B). Such an appointment is made only when "the interests of justice so require" and the person is financially eligible. *Id.* "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (denying motion for counsel to pursue § 2255 motion) (citations omitted). A district court does not abuse its discretion by declining to appoint counsel in post-conviction proceedings where the issues in the case are straightforward and capable of resolution on the record. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

Here, petitioner has made no showing that he is entitled to appointed counsel in this anticipated post-conviction matter. Petitioner fails to establish that his §

2255 motion will involve issues that are factually or legally complex or that he is unable to present his claims. Therefore, the undersigned denies petitioner's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: September 8, 2014

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**