# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CV419 |
| | ) | 1:11CR012 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JASON MORGAN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 23, 2016, defendant Jason Morgan ("defendant" or "Morgan") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 803 ["Mot."].)[1] On March 4, 2016, the Court granted defendant's motion for the appointment of counsel, and, with the assistance of counsel, Morgan filed an amended motion. (Doc. No. 807 ["Am. Mot."].) In his amended motion, Morgan argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id.* at 2556-57. According to Morgan, the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

---

[1] The United States of America filed a response in opposition to the motion (Doc. No. 819) and the defendant filed a reply in support of the motion (Doc. No. 822).

On August 29, 2016, after the matter was fully briefed, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's amended motion under 28 U.S.C. § 2255, and the amended motion is, therefore, denied.[2]

For all of the foregoing reasons, defendant's § 2255 amended motion (Doc. No. 807) is denied and his original motion (Doc. No. 803) is denied as moot. Also, the government's alternative motion to dismiss (Doc. No. 819) is denied as moot. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 3, 2017

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On June 10, 2011, defendant entered a guilty plea before the Magistrate Judge to the lesser offense set forth in Count 1 of the indictment. On July 19, 2011, the Court adopted the report and recommendation of the Magistrate Judge recommending the acceptance of defendant's guilty plea. On August 25, 2011, the Court sentenced defendant to a term of imprisonment of 110 months. Defendant filed a direct appeal, and, on September 13, 2013, the Sixth Circuit Court of Appeals affirmed the Court's judgment. Defendant did not seek certiorari review. Defendant's original motion to vacate was not filed until February 23, 2016, and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).

3