# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR12 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| JASON MORGAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Pending before the Court is the *pro se* motion of defendant Jason Morgan ("Morgan") to modify his sentence based upon Amendment 782. (Doc. No. 1077 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 1078 ["Opp'n"]). For the reasons that follow, Morgan's motion is DENIED.

## I. BACKGROUND

On June 10, 2011, Morgan, pursuant to a plea agreement, pled guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). (Doc. No. 503 (Plea Agreement).) Because the offense conduct involved between 60 and 80 grams of heroin, the resulting base offense level was 22. Morgan was determined to be a career offender under U.S.S.G. § 4B1.1, with an adjusted offense level of 32. After applying relevant downward adjustments, the total offense level became 25, which resulted in an advisory guidelines range of 110-137 months. On August 25, 2011, the Court sentenced Morgan at the lowest end of the range to 110 months imprisonment. (Doc. No. 562 (Judgment).)

On February 23, 2017, Morgan moved to vacate his sentence, arguing that the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)—invalidating the residual clause in the Armed Career Criminal Act ("ACCA")—should be applied with equal force to a similarly worded clause in the sentencing guidelines under which Morgan was determined to be a career offender. (Doc. No. 803 (Motion to Vacate).) The Court appointed counsel to represent Morgan, and permitted appointed counsel to file an amended § 2255 motion. (Doc. No. 807 (Amended Motion to Vacate).) The Court ultimately denied the motion, as amended, after the Supreme Court ruled that, given the discretionary nature of the sentencing guidelines, the ruling in *Johnson* could not be extended to invalidate a determination that a defendant was a career offender under the guidelines' residual clause. (Doc. No. 891 (Memorandum Opinion) at 4315 (citing *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017)).)

Morgan now seek a sentence reduction pursuant to a retroactive amendment to the federal sentencing guidelines that lowered the guideline ranges for certain drug-trafficking offenses. The government insists that Morgan is not eligible for relief because he was sentenced as a career offender. The Court agrees, and further finds, as set forth below, that Morgan's request is moot.

**II. DISCUSSION**

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) when the defendant

"has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Section 3582(c)(2) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission, on November 1, 2014, adopted Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The amendment has been given retroactive effect, but offenders may not be released from prison based on this amendment earlier than November 1, 2015.

Morgan is not entitled to a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, if the career offender sentencing range is greater than the initial advisory guideline range, the career offender range controls. U.S.S.G. § 4B1.1(b). Here, the initial advisory calculation resulted in an offense level of 22. Once defendant was found to be a career offender, his offense level became 32. After applying the relevant downward adjustments, the Court arrived at a final offense level of 25. Therefore, the Court ultimately calculated Morgan's sentencing range based upon its downward departure from the enhanced offense level set forth in the career offender guidelines.

When a sentencing range is derived from § 4B1.1, and not the amended Drug Quantity Table in § 2D1.1, Amendment 782 is not applicable. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (court held previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Nicholson*, No. 3:11-194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2005) (defendant not eligible for sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status),

Since Morgan was originally sentenced based on the career offender guideline range, properly reduced by this Court, this Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to modify his sentence.

But even if Morgan were eligible for a reduction under Amendment 782, his motion is moot. Subsequent to the filing of the instant motion, Morgan was released from federal custody. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (Jason Morgan, BOP Register No. 56726-060, release date May 3, 2019) (last visited Sept. 23, 2019). This release renders his request moot. *See United States v. Lewis*, 166 F. App'x 193, 194 (6th Cir. 2006) (holding that once a defendant has served his custodial sentence and been released, no meaningful relief can be granted with respect to the custodial portion of his sentence); *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (holding that a case is moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief"); *see also North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (mootness is a jurisdictional issue, which may be raised by a court *sua sponte*).

### III. CONCLUSION

For all of the foregoing reasons, Morgan's motion for modification of sentence pursuant to Amendment 782 is DENIED.

**IT IS SO ORDERED**.

Dated: November 8, 2019

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**